I respectfully dissent. The majority issues a writ of mandamus directing the Honorable William Wynn, judge of the Jefferson Circuit Court, to decertify an opt-out class certified pursuant to Ala. R. Civ. P. 23(b)(3). It does so despite its express — and correct — determination that "the facts and issues involved in this controversy make itparticularly appropriate for class relief." 703 So.2d at 965 (emphasis added).
Indeed, it is because the main opinion's rationale is internally inconsistent and its holding a non sequitur that I dissent. In particular, in Part III.C.2 the main opinion concludes that "the decision of the class representatives to forgo seeking any form of injunctive relief [would be] highly detrimental to the rights of the other class members." 703 So.2d at 964. It faults the class representatives for failing to seek injunctive relief, although it acknowledges that this remedy was forgone as part of a calculated, hardfought litigation strategy to keep this action out of Tallapoosa County, "where two of the defendants are major employers and where, the plaintiffs allege, those two defendants have great influence over public opinion." 703 So.2d at 964. Evidently, the writer of the main opinion, and perhaps other Justices in the majority, are concerned that a judgment in this action will trigger the doctrine of res *Page 969 judicata as a bar to injunctive relief, should such relief be desired in the future.
But this is an opt-out class. Consequently, those class members who might be concerned about the absence of a claim for injunctive relief will, if they choose to opt out, not be bound by any judgment rendered in this case, but will be free to bring their own actions. Indeed, had the trial judge certified a non-opt-out class, I might be inclined to concur with the main opinion. But, because that is not the case, the fear expressed by the main opinion is unjustified and its reasoning in this respect is inconsistent.
The main opinion attempts to explain this inconsistency by stating:
 "Although this is a Rule 23(b)(3) class action that allows plaintiffs to opt-out of the class, the complexity of this environmental pollution case and the great cost to litigate the claims in individual actions — factors which weigh heavily in favor of class relief — would significantly discourage otherwise interested class members from opting out of the class and pursuing their own individual actions that would include claims for injunctive relief."
Part III.C.2., 703 So.2d at 964-65. As to this rationale, however, the majority's ruling is a non sequitur. In other words, the decision to decertify a class action can hardly be justified upon the premise that an action is feasible only as aclass action. Moreover, it overlooks the fact that this action was commenced in 1993 as an individual action, and, in fact, proceeded for several years without class allegations.
In short, there is no logical or legal basis for vacating the trial court's well-reasoned order certifying a Rule 23(b)(3) class. Therefore, I respectfully dissent.
SHORES, J., concurs.